UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | Criminal Case No. 3:02-CR-00359-KI |
| | *Criminal Case No. 3:04-CR-00299-KI* |
| Plaintiff, | |
| v. | OPINION AND ORDER |
| **TALINA MARSHAY HALL**, | |
| Defendant. | |

    S. Amanda Marshall
    United States Attorney
    District of Oregon
    Scott M. Kerin
    Assistant United States Attorney
    1000 SW Third Avenue, Suite 600
    Portland, Oregon 97204-2902

       Attorneys for Plaintiff

Susan A. Russell
Assistant Federal Public Defender
101 SW Main Street, Suite 1700
Portland, Oregon 97204

    Attorney for Defendant

KING, Judge:

Before the court is defendant's Motion to Reduce Sentence [194].

**DISCUSSION**

Defendant pleaded guilty in two cases to drug charges involving crack cocaine. Based on defendant's criminal history, she is a career offender under the United States Sentencing Guidelines ("USSG"). On June 28, 2007, I concluded a variance was warranted based on the factors outlined in 18 U.S.C. § 3553(a), and I sentenced defendant to 150 months of imprisonment.

Since the sentencing hearing, the United States Sentencing Commission ("USSC") retroactively amended the USSG in 2007 to lower the base offense levels applicable to crack cocaine offenses. In 2008, the USSC amended USSG § 1B1.10 to address whether a term of imprisonment was "based on" a subsequently lowered sentencing range. In 2011, the USSC issued a new application note for USSG § 1.B1.10 discussing eligibility for consideration under 18 U.S.C. § 3582(c)(2), the statute that addresses a modification of an imposed term of imprisonment. The Supreme Court weighed in on a related issue in Freeman v. United States, 131 S. Ct. 2585 (2011), and issued a plurality and concurring opinion on whether a defendant who pleaded guilty under Rule 11(c)(1)(C) is eligible for a sentence reduction under § 3582(c) if the USSC subsequently lowers the guideline range.

I twice refused defendant's request to reduce her sentence. On July 14, 2008, I denied a motion to reduce sentence as follows:

> When I applied the 18 U.S.C. 3553(a) factors to defendant's 262 to 327 month advisory guideline range and sentenced defendant to 150 months, I already considered the disparity between crack and powder cocaine sentences. I decline to reduce the sentence further, even if I have the authority to do so.

Order, United States v. Hall, No. 3:02-CR-359-KI and No. 3:04-CR-299-KI (D. Or. July 14, 2008), ECF No. 186.

On September 2, 2008, I denied defendant's motion to reconsider:

> The court acknowledges the arithmetic error in the PSR's calculation of defendant's initial base offense level based on drug quantities and agrees that it should have been 32 instead of 34. The court, however, sentenced defendant as a career offender, with deductions under 18 U.S.C. 3553(a), to 150 months, and declines to reduce the sentence further.

Order, United States v. Hall, No. 3:02-CR-359-KI and No. 3:04-CR-299-KI (D. Or. Sept. 2, 2008), ECF No. 190.

Because I applied a variance to lower the career offender guideline range when I sentenced defendant, she argues I based her sentence on the crack cocaine guideline range, which the Sentencing Commission retroactively reduced, and not on the career offender guideline range. Thus, she asks me either to adopt the two-level guideline reduction authorized by the 2007 amendments or to reduce her sentence under the 2011 amendment based on the findings I made at the original sentencing.

After defendant filed this motion, the Ninth Circuit issued United States v. Pleasant, __ F.3d __, No. 12-10213, 2013 WL 11892, at *3 (9th Cir. Jan. 2, 2013), which directly addressed the issue:

Page 3 - OPINION AND ORDER

Specifically, Application Note 1(A) clarifies that § 3582(c)(2) "is triggered only by an amendment . . . that lowers the applicable guideline range (i.e., the guideline range that corresponds to the offense level and criminal history category determined pursuant to § 1B1.1(a), *which is determined before consideration of any departure provision in the Guidelines Manual or any variance*)." U.S.S.G. § 1B1.10 cmt. n. 1(A) (2011) (emphasis added). This language was added to resolve a circuit split that had arisen over whether a defendant's "applicable guideline range" should be derived before or after the application of a departure or variance. U.S.S.G. app. C, amend. 759. In short, Amendment 759 makes clear that the applicable guideline is derived pre-departure and pre-variance.

Under Amendment 759, Pleasant's applicable guideline range is the Career Offender range. The parties agree that Pleasant qualifies as a Career Offender, and his plea agreement outlined the stipulated ramifications of his Career Offender status. Pleasant was only able to avoid the Career Offender guidelines because the district court granted a downward variance. Accordingly, Pleasant's pre-variance guideline range, i.e., his "applicable guideline range," is the Career Offender guideline.

Pleasant forecloses defendant's argument–her applicable guideline range is the career offender guideline, which the USSC did not reduce, and not the crack cocaine guideline. Consequently, I deny defendant's motion.

## CONCLUSION

Defendant's Motion to Reduce Sentence [194] is denied.

IT IS SO ORDERED.

Dated this     5th     day of February, 2013.

                                       /s/ Garr M. King
                                       Garr M. King
                                       United States District Judge